# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF

In re: §
§
PICKETT, MARK § Case No. 13-80246
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter ___ of the United States Bankruptcy Code was filed on ___. The undersigned trustee was appointed on ___.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of      $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]      $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____.  All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____[2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____[2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____    By:/s/DANIEL M. DONAHUE_____
                                                     Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page: 1

Exhibit A

| Case No: | 13-80246 | TML | Judge: THOMAS M. LYNCH | Trustee Name: | DANIEL M. DONAHUE |
|---|---|---|---|---|---|
| Case Name: | PICKETT, MARK | | | Date Filed (f) or Converted (c): | 01/25/13 (f) |
| | | | | 341(a) Meeting Date: | 02/28/13 |
| For Period Ending: | 02/16/15 | | | Claims Bar Date: | 08/29/13 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Cash | 120.00 | 0.00 | | 0.00 | FA |
| 2. ComEd security deposit (Mark's Auto Sales) | 1,500.00 | 0.00 | | 0.00 | FA |
| 3. Household Goods: 42" anx 30" flatscreen TVs, etc. | 1,500.00 | 0.00 | | 0.00 | FA |
| 4. Wearing Apparel | 200.00 | 0.00 | | 0.00 | FA |
| 5. Ruger P89 hand gun | 300.00 | 0.00 | | 0.00 | FA |
| 6. Redline Jumbo BMX bike | 100.00 | 0.00 | | 0.00 | FA |
| 7. A/R - Victor Velez | 934.00 | 0.00 | | 0.00 | FA |
| 8. A/R - Alexis S. Jackson and Scott King | 1,703.00 | 0.00 | | 0.00 | FA |
| 9. A/R - Sylvester Jackson | 2,214.00 | 0.00 | | 0.00 | FA |
| 10. A/R - Limona Ntamere | 2,462.00 | 0.00 | | 0.00 | FA |
| 11. A/R - Linda Ralston | 2,944.00 | 0.00 | | 0.00 | FA |
| 12. A/R - Taylor Heylmann | 673.00 | 75.00 | | 75.00 | FA |
| 13. A/R - Justin Shadden | 983.00 | 0.00 | | 0.00 | FA |
| 14. A/R - Dorothy Twardowski | 2,573.00 | 0.00 | | 0.00 | FA |
| 15. A/R - Robert Zappeli | 575.00 | 0.00 | | 0.00 | FA |
| 16. A/R - Joseph Stiens | 3,800.00 | 0.00 | | 0.00 | FA |
| 17. Liquidated Claims | 1.00 | 0.00 | | 0.00 | FA |
| 18. 21' 2000 Bayliner Capri | 4,700.00 | 0.00 | | 0.00 | FA |
| 19. Smart Phone | 200.00 | 0.00 | | 0.00 | FA |
| 20. Table and chairs at car lot | 100.00 | 0.00 | | 0.00 | FA |
| 21. Snap on tool box, etc. | 15,000.00 | 0.00 | | 0.00 | FA |
| 22. Welders, torches and various automotive tools | 1,000.00 | 0.00 | | 0.00 | FA |
| 23. Title lien interest in various vehicles | 1.00 | 0.00 | | 0.00 | FA |
| 24. Fraudulent Conveyance (u) | Unknown | 25,000.00 | | 25,000.00 | FA |

Gross Value of Remaining Assets

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

| | |
|---|---|
| Case No: 13-80246  TML  Judge: THOMAS M. LYNCH | Trustee Name:  DANIEL M. DONAHUE |
| Case Name: PICKETT, MARK | Date Filed (f) or Converted (c): 01/25/13 (f) |
| | 341(a) Meeting Date: 02/28/13 |
| | Claims Bar Date: 08/29/13 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| TOTALS (Excluding Unknown Values) | $43,583.00 | $25,075.00 | | $25,075.00 | $0.00 |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Nothing remains to be done.

Initial Projected Date of Final Report (TFR): 12/01/14    Current Projected Date of Final Report (TFR): 12/01/14

FORM 2

Page: 1

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 13-80246 -TML | Trustee Name: | DANIEL M. DONAHUE |
|---|---|---|---|
| Case Name: | PICKETT, MARK | Bank Name: | BANK OF KANSAS CITY |
| | | Account Number / CD #: | *******0134  GENERAL CHECKING |
| Taxpayer ID No: | *******6770 | | |
| For Period Ending: | 02/16/15 | Blanket Bond (per case limit): | $ 1,500,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 10/08/14 | | Trsf In From CONGRESSIONAL BANK | INITIAL WIRE TRANSFER IN | 9999-000 | 74.92 | | 74.92 |
| 01/23/15 | 24 | MARK PICKETT<br>315 WOOD RD<br>ROCKFORD, IL  61107-4927 | RECOVERY OF PREFERENCE SEC. 547 | 1241-000 | 25,000.00 | | 25,074.92 |

| | | | |
|---|---|---|---|
| COLUMN TOTALS | | 25,074.92 | 0.00 | 25,074.92 |
| Less: Bank Transfers/CD's | | 74.92 | 0.00 | |
| Subtotal | | 25,000.00 | 0.00 | |
| Less: Payments to Debtors | | | 0.00 | |
| Net | | 25,000.00 | 0.00 | |

Page Subtotals          25,074.92          0.00

FORM 2

Page: 2

Exhibit B

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

| Case No: | 13-80246 -TML | | Trustee Name: | DANIEL M. DONAHUE |
| Case Name: | PICKETT, MARK | | Bank Name: | CONGRESSIONAL BANK |
| | | | Account Number / CD #: | *******0817 GENERAL CHECKING |
| Taxpayer ID No: | *******6770 | | | |
| For Period Ending: | 02/16/15 | | Blanket Bond (per case limit): | $ 1,500,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Tran. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 05/29/13 | 12 | NATALE TRUST FUND | RECOVERY OF PREFERENCE SEC. 547 | 1121-000 | 75.00 | | 75.00 |
| | | (Taylor Heylmann) | | | | | |
| 04/07/14 | | CONGRESSIONAL BANK | BANK SERVICE FEE - March, 2014 | 2600-000 | | 0.08 | 74.92 |
| 10/08/14 | | Trsf To BANK OF KANSAS CITY | FINAL TRANSFER | 9999-000 | | 74.92 | 0.00 |

| | | | | |
|---|---|---|---|---|
| | COLUMN TOTALS | | 75.00 | 75.00 | 0.00 |
| | Less: Bank Transfers/CD's | | 0.00 | 74.92 | |
| | Subtotal | | 75.00 | 0.08 | |
| | Less: Payments to Debtors | | | 0.00 | |
| | Net | | 75.00 | 0.08 | |

| TOTAL - ALL ACCOUNTS | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| GENERAL CHECKING - ********0134 | 25,000.00 | 0.00 | 25,074.92 |
| GENERAL CHECKING - ********0817 | 75.00 | 0.08 | 0.00 |
| | ----------------------- | ----------------------- | ----------------------- |
| | 25,075.00 | 0.08 | 25,074.92 |
| | ============== | ============== | ============== |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals 75.00 75.00

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: February 16, 2015 |
|---|---|---|---|---|---|---|

Case Number:  13-80246  
Debtor Name:  PICKETT, MARK

Claim Type Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 001<br>2100-00 | DANIEL M. DONAHUE | Administrative | | $0.00 | $3,018.60 | $3,018.60 |
| 001<br>3110-00 | MCGREEVY WILLIAMS | Administrative | | $0.00 | $2,167.50 | $2,167.50 |
| 001<br>3120-00 | MCGREEVY WILLIAMS | Administrative | | $0.00 | $73.48 | $73.48 |
| 001<br>3210-00 | Bernard J. Natale, Ltd.<br>6833 Stalter Dr., Ste. 201<br>Rockford, IL 61108 | Administrative | | $0.00 | $2,232.75 | $2,232.75 |
| 001<br>3220-00 | Bernard J. Natale, Ltd.<br>6833 Stalter Dr., Ste. 201<br>Rockford, IL 61108 | Administrative | | $0.00 | $24.96 | $24.96 |
| 000001<br>070<br>7100-00 | Atlas Acquisitions LLC (HSBC Bank Nevada, N.A.)<br>294 Union St.<br>Hackensack, NJ 07601 | Unsecured | Filed 06/02/13 | $0.00 | $251.69 | $251.69 |
| 000002<br>080<br>7200-00 | NHRMA Mutual Insurance Company<br>Stanley L. Morris<br>2302 Clearlake Boulevard<br>Champaign, IL 61822 | Unsecured | Filed 11/25/13 | $0.00 | $4,536.75 | $4,536.75 |
| 000003<br>080<br>7200-00 | American Family Insurance aso Ronald I.<br>Ford<br>c/o Amy Silvestri<br>2208 Charles Street<br>Rockford, IL 61104 | Unsecured | Filed 11/27/13<br>(3-1) Property damage to vehicle in motor vehicle accident. | $0.00 | $2,831.65 | $2,831.65 |
| 000004<br>080<br>7200-00 | Robert Mlsna and Shannon E. Wright<br>c/o Attorney Matthew M. Hevrin<br>Hinshaw & Culbertson LLP<br>100 Park Avenue<br>Rockford, IL 61101 | Unsecured | Filed 12/03/13<br>(4-1) Tort Claim | $0.00 | $922,712.76 | $7,500.00 |

| Page 2 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: February 16, 2015 |
|---|---|---|---|---|---|---|
| Case Number: | 13-80246 | Claim Type Sequence | | | | |
| Debtor Name: | PICKETT, MARK | | | | | |
| Code # | Creditor Name & Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
| 999<br>8200-00 | MARK PICKETT<br>315 WOOD RD<br>ROCKFORD, IL  61107-4927 | Unsecured<br>Surplus Funds | | $0.00 | $0.00 | $2,389.01 |
| | Case Totals: | | | $0.00 | $937,850.14 | $25,026.39 |

Code #:   Trustee's Claim Number, Priority Code, Claim Type

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-80246
Case Name: PICKETT, MARK
Trustee Name: DANIEL M. DONAHUE

Balance on hand    $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: DANIEL M. DONAHUE | $ | $ | $ |
| Attorney for Trustee Fees: MCGREEVY WILLIAMS | $ | $ | $ |
| Attorney for Trustee Expenses: MCGREEVY WILLIAMS | $ | $ | $ |
| Other: Bernard J. Natale, Ltd. | $ | $ | $ |
| Other: Bernard J. Natale, Ltd. | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses    $_____

Remaining Balance    $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $         must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $            have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be            percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Atlas Acquisitions LLC (HSBC Bank | $ | $ | $ |

Total to be paid to timely general unsecured creditors    $_____

Remaining Balance    $_____

Tardily filed claims of general (unsecured) creditors totaling $            have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be            percent.

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000002 | NHRMA Mutual Insurance Company | $ | $ | $ |
| 000003 | American Family Insurance aso Ronald I. | $ | $ | $ |
| 000004 | Robert Mlsna and Shannon E. Wright | $ | $ | $ |

Total to be paid to tardy general unsecured creditors    $_____

Remaining Balance $_____

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of     % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $       . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $         .